UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-21806-CIV-SCOLA/GOODMAN

HAIM TBEILI,

     Plaintiff,

v.

JONATHAN MUNSELL, et al.,

     Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON
PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff, Haim Tbeili, filed a verified motion for attorneys' fees and costs pursuant to 18 U.S.C. § 1964. [ECF No. 33]. United States District Judge Robert N. Scola, Jr. referred the motion to the Undersigned. [ECF No. 34]. The Undersigned reviewed the motion and other relevant portions of the record.[1] As explained below, the Undersigned **respectfully recommends** that Judge Scola **grant in part** and **deny in part** Plaintiff's Motion for Attorneys' Fees and Costs.

---

[1] Defendants have not filed a response to Plaintiff's motion, and the time to do so has now expired.

## I.    Background

On June 13, 2022, Plaintiff filed suit against Defendants, alleging they violated the

Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1962,

1964(c) when committing fraud via intentional misrepresentation, unjust enrichment,

and breach of contract, by failing to deliver to Plaintiff a fifty-percent stake in a car-wash

franchise pursuant to the parties' agreement. [ECF No. 1].

On December 13, 2022, after Defendants failed to respond to Plaintiff's Complaint,

Plaintiff filed a motion for default judgment. [ECF No. 31]. On December 16, 2022, Judge

Scola granted that motion in Plaintiff's favor. [ECF No. 32].

Plaintiff's Verified Motion for Attorneys' Fees and Costs is now ripe for a ruling.

[ECF No. 33].

## II.    Applicable Legal Standards and Analysis

### A.  Bill of Costs

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing

party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must

file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which

specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable

against the losing party:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily
    obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

     (4)  Fees for exemplification and the costs of making copies of any materials
         where the copies are necessarily obtained for use in the case;
     (5)  Docket fees under section 1923 of this title;
     (6)  Compensation of court appointed experts, compensation of interpreters,
         and salaries, fees, expenses, and costs of special interpretation services
         under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court can still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (internal citations omitted). Nevertheless, the Court is still limited to taxing only those costs specifically authorized by statute. *E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

**B.  Attorney's Fees**

Typically, under the "American Rule", "each party bears its own attorney's fees." *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1331 (11th Cir. 2002) (acknowledging "the general applicability of the American Rule regarding fee shifting, i.e., that each party bears its own attorneys' fees"); *Panama Shipping Lines, Inc. v. Ciramar Int'l Trading, Ltd.*, No. 08-21213-CIV, 2009 WL 812714, at *3 (S.D. Fla. Mar. 26, 2009) ("The American Rule stands for the proposition that "the prevailing litigant is ordinarily not entitled to collect

a reasonable attorneys' fee from the loser."). Thus, "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975).

The party seeking attorney's fees bears the burden of establishing entitlement via statute or enforceable contract. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). And "[b]ecause the right to attorney's fees must be found in a contract or statute, the specific text of the contractual or statutory provision granting the right is critical to determining an award of fees." *Cabrera v. Haims Motors, Inc.*, No. 17-CV-60500, 2018 WL 2455438, at *2 (S.D. Fla. June 1, 2018), report and recommendation adopted, No. 17-CIV-60500, 2018 WL 4409844 (S.D. Fla. June 19, 2018) (citing *Florida Medical Ctr. v. McCoy*, 657 So. 2d 1248, 1250 (Fla. 4th DCA 1995)).

Here, Plaintiff filed his motion for attorneys' fees under 18 U.S.C. § 1964(c), which provides that, "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee[.]" Because entitlement is not at issue, the Court focuses it's analysis on what kind of fees award is reasonable.

The Court "itself [is] an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Additionally, "[a] request for attorney's fees should not result in a second major litigation." *Id.* (quoting *Hensley*, 461 U.S. at 437) (alteration in original).

The Court is tasked with determining a reasonable fee award. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 434. This amount is typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008).

The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward, based upon other considerations. *Hensley*, 461 U.S. at 433-37.

## III.   Analysis

### a.   Bill of Costs

Although Plaintiff's motion is unopposed, it is still appropriate to independently assess Plaintiff's requested costs to determine whether they are recoverable under § 1964. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) ("Although [the] [p]laintiff has failed to object to the costs set forth in [the] [d]efendant's [m]otion, the

Court nonetheless reviews each category of the items sought in the [d]efendant's [m]otion, and whether [the] [d]efendant can properly receive monies for these categories of costs under the statute."); *Greer v. Ivey*, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2841377, at *1 (M.D. Fla. Apr. 28, 2020) ("Although the Court could treat the [movant's] motion as unopposed and award all of the costs sought I believe the better approach is to analyze each part of the application and rule accordingly.").

Plaintiff seeks to tax $761.57 for costs incurred with respect to the instant litigation. However, Plaintiff's motion fails to include any argument supporting that request. It also fails to explain whether these costs are sought under § 1920 or § 1964. As such, the Court is unable to determine whether such costs are recoverable, and the Undersigned respectfully recommends that Plaintiff's request as to costs be **denied**.

### b. Attorney's Fees

This Court concludes that Plaintiff is entitled to fees under § 1964 as the prevailing party. Thus, the only issue remaining is the reasonableness of Plaintiff's request.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 434. As already noted, this amount is typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008).

The resulting fee carries a presumption that it is reasonable. *Blum*, 465 U.S. at 897. The applicant bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *A.C.L.U.*, 168 F.3d at 427.

Hours are unreasonable if they are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). In other words, the Court must omit those hours which would be unreasonable to bill a client "irrespective of the skill, reputation, or experience of counsel." *Id.*

Plaintiff requests $20,125.00 in attorneys' fees. The fees are associated with the following timekeepers: Robert Garson (seeking $600 an hour); Yuval Manor (seeking $350 an hour); Brandon Silverman (seeking $300 an hour); and Yanina Zilberman (seeking $375 an hour). The Court finds that these rates are reasonable in light of awards in similar cases, the experience of the attorneys, and the skill required to perform the work in this type of case.

However, without reviewing every entry, the Court finds the number of hours expended to be unreasonable. *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) ("Where fee documentation is voluminous, such as in the instant case, an hour-by-hour review is simply impractical and a waste of judicial resources."); *see also Fox v. Vice*, 563 U.S. 826, 838 (2011) (explaining that the essential goal for the trial court "is to do rough justice, not to achieve auditing perfection"). Plaintiff's motion includes multiple entries

that this Court deems unreasonable. These problematic entries are related to block billing and having attorneys perform clerical tasks.

Below are two examples of block billing from Plaintiff's Exhibit 1:

| 09/09/2022 | ⏱ | A103 Draft/revise L110 Fact Investigation/Development: Drafted a Motion for Extension of Time to Serve the Defendants and for Leave to Serve by Alternative Methods; drafted a proposed order corresponding to the same; assembled and filed our motion and all exhibits corresponding thereto and submitted a Word version of our proposed order as required by the local rules. 🔵 Unbilled | 00455- Haim-Tbeili Breach of Contract Claim against, ProntoWash, LLC, Success System MGMT, LLC, PW USA 2.0 LLC and Jonathan Munsell, ProntoWash Management, LLC. | Yuval Manor | 3.10h | $350.00 | - | $1,085.00 |
| 06/08/2022 | ⏱ | A103 Draft/revise L210 Pleadings: drafting the complaint; reading through the complaint; researching case law for fraud; editing the complaint; emailing R. Garson that we need more information from client and sending an initial draft re: same; emailing the client to get more information. 🟢 Billed invoice 563 | 00455- Haim-Tbeili Breach of Contract Claim against, ProntoWash, LLC, Success System MGMT, LLC, PW USA 2.0 LLC and Jonathan Munsell, ProntoWash Management, LLC. | Brandon Silverman | 4.90h | $300.00 | - | $1,470.00 |

[ECF No. 33, pp. 16, 26].

"'Block billing' occurs when an attorney lists all of the day's tasks on a case in a single entry and does not separate the tasks and the time spent working on those individual tasks as separate entries on billing records." *Plumbers & Pipefitters Union No. 421 Health & Welfare Fund v. Brian Trematore Plumbing & Heating, Inc.*, No. 5:11-CV-221, 2013 WL 3816660, at \*4 (M.D. Ga. July 22, 2013). The practice of block billing is disfavored because it prevents the Court from accurately ascertaining the amount of time spent on each discrete task. *See Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at \*11 (S.D. Fla. July 1, 2008) (noting that block billing "makes it difficult to establish whether the amount of time spent on any one task was reasonable").

Nonetheless, "[a]s a general proposition block billing is not prohibited so long as the Court can determine from the time entry the services that were performed." *Home Design Servs., Inc. v. Turner Heritage Homes, Inc.*, No. 4:08-CV-355-MCR-GRJ, 2018 WL 4381294, at *6 (N.D. Fla. May 29, 2018), report and recommendation adopted, No. 4:08CV355/MCR/GRJ, 2018 WL 6829047 (N.D. Fla. Sept. 28, 2018).

In the instant case, some (but not all) of the block billed entries should be reduced because there is no way to determine the amount of time counsel spent on each of the specific tasks mentioned in the block-billed entry.

The other type of problematic entries included in Plaintiff's Motion are related to what this Court considers clerical work. Attorney fees cannot be awarded for non-legal work or for work not traditionally done by an attorney. *See Munoz v. Kobi Karp Arch. & Interior*, No. 09-21273, 2010 WL 2243795, at *6 (S.D. Fla. May 13, 2010) (explaining that plaintiff's counsel is not entitled to attorney's fees for work on clerical tasks or non-legal work); *In re Saf T Lok, Inc. Sec. Litig.*, No. 02-80252-CIV, 2005 WL 8156138, at *6 (S.D. Fla. June 29, 2005) (rejecting fee request for non-legal work such as "conducting Internet searches, conferring with fellow investigators, writing e-mails, making telephone calls, and interviewing former shareholders . . . performed by paralegals, law clerks, investigators and other non-attorney personnel").

Below are two examples from Plaintiff's Exhibit 1 illustrating activity this Court views as clerical work:

| 09/21/2022 | ⊙ | Tbieli - send package<br>● Unbilled | 00455- Haim-Tbieli<br>Breach of Contract Claim<br>against, ProntoWash, LLC,<br>Success System MGMT,<br>LLC, PW USA 2.0 LLC and<br>Jonathan Munsell,<br>ProntoWash Management,<br>LLC. | Yanina<br>Zilberman | 1.00h | $375.00 | - | $375.00 |
| 08/10/2022 | ⊙ | A112 Billable Travel Time L.110<br>Fact Investigation/Development:<br>Traveled to and from the U.S.<br>District Courthouse for the<br>Southern District of Florida to order<br>and pick up certified copies of our<br>summonses for each defendant as<br>required for service of process;<br>ordered and picked up certified<br>copies of our summonses for each<br>defendant as required for service<br>of process.<br>● Unbilled | 00455- Haim-Tbieli<br>Breach of Contract Claim<br>against, ProntoWash, LLC,<br>Success System MGMT,<br>LLC, PW USA 2.0 LLC and<br>Jonathan Munsell,<br>ProntoWash Management,<br>LLC. | Yuval<br>Manor | 1.20h | $350.00 | - | $420.00 |

[ECF No. 33, pp. 14, 18].

Due to the unreasonableness of some of the time entries, the Undersigned respectfully recommends that the Court apply a twenty (20) percent reduction to the amount of fees requested, resulting in a discount of $4,025, which results in a net fees award of $16,100.

### c. Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that Judge Scola **grant in part** and **deny in part** Plaintiff's motion for Attorneys' Fees and **deny** the costs portion of the motion but grant in large part the fees portion of the motion (by awarding a total of $16,100).

## IV. Objections

The parties will have fourteen (14) days from the date of being served with a copy

of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary, in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on June 12, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record

11